**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:26-CR-00041-SDJ-AGD-1 |
| | § | |
| NOLAN RYAN ROBINSON | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Nolan Ryan Robinson's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on October 29, 2026, to determine whether Defendant violated his supervised release. Defendant was represented by Philip Ray. The Government was represented by Steven Fawcett.

Defendant was sentenced on November 21, 2016, before The Honorable Robert A. Junell of the Western District of Texas after pleading guilty to the offense of Possession with Intent to Distribute 5 Grams or More of Actual Methamphetamine, a Class B Felony. This offense carried a statutory maximum imprisonment term of 40 years and a statutory minimum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of I, was 46 to 57 months. However, the statutorily required minimum sentence of 5 years was greater than the maximum of the applicable guideline range. Therefore, the guideline term of imprisonment was 60 months. As such, Defendant was subsequently sentenced to 60 months imprisonment followed by a 5-year term of supervised release. Defendant was sentenced to the standard conditions of release, plus special conditions to include substance abuse treatment, participation in the workforce development program, a $5,000 fine, and a $100 special assessment. On October 16, 2020, Defendant completed his period of imprisonment and began

service of the supervision term in the Western District of Texas. On November 24, 2020, a *Request for Modifying the Conditions or Term of Supervision with Consent of the Offender* was signed by the court and the conditions were modified to include a specified monthly amount for Defendant to pay the court-ordered fine. On March 13, 2026, a transfer of jurisdiction from the Western District of Texas to the Eastern District of Texas was completed, and the case was transferred and reassigned to United States District Judge Sean D. Jordan.

Also on March 13, 2026, the United States Probation Officer executed a First Amended Petition for Warrant or Summons for Offender Under Supervision (Dkt. #2, Sealed). The First Amended Petition asserts that Defendant violated three (3) conditions of supervision, as follows: (1) (mandatory) Defendant shall not commit another federal, state or local crime during the term of supervision; (2) (mandatory) Defendant shall not unlawfully possess a controlled substance; (3) (standard) Defendant shall not leave the judicial district (the Western District of Texas) without permission from the court or probation officer. (Dkt. #1, at pp. 1–2, Sealed).

The First Amended Petition alleges that Defendant committed the following acts: (1) On June 8, 2022, Defendant was indicted in the Eastern District of Texas for the offenses of Count 1: Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance and Count 2: Distribution and Possession with Intent to Distribute a Controlled Substance, *United States v. Sealed*, No. 4:22-cr-00139-ALM-BD-1 (E.D. Tex. 2022). According to the Indictment, beginning in November 2021 and continuing through May 26, 2022, Defendant possessed with the intent to distribute 400 grams or more of a mixture or substance containing fentanyl. Defendant pled guilty to Count 1. At the time that the First Amended Petition was executed, Defendant was awaiting sentencing. On October 26, 2026, Defendant was sentenced on Count 1 to 144 months imprisonment, *United States v. Sealed*, No. 4:22-cr-00139-ALM-BD-1 (E.D. Tex. 2022), Dkt. #

116; (2) Beginning in November 2021 and continuing through May 26, 2022, Defendant possessed with the intent to distribute 400 grams or more of a mixture or substance containing fentanyl; and (3) On or about May 26, 2022, Defendant traveled to Denton, Texas, within the Eastern District of Texas, without permission from the probation officer as evidenced by his arrest stemming from the arrest warrant issued for the new federal law violation. (Dkt. #1, at pp. 1–2, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations (1), (2), and (3) of the First Amended Petition. Having considered the First Amended Petition and the plea of true to allegations (1), (2), and (3), the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of twelve (12) months, to be served consecutively to the sentence imposed in *United States v. Sealed*, No. 4:22-cr-00139-ALM-BD-1 (E.D. Tex. 2022), with no term of supervised release to follow.

The court also recommends that Defendant be housed in a Bureau of Prisons facility in Seagoville, Texas, if appropriate.

**SIGNED this 5th day of November, 2026.**

Aileen Goldman Durrett

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE